# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:17-cr-00104-MR-DLH

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>LONNIE ARMACHAIN, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's Motion to Dismiss Indictment [Doc. 16].

## I.   PROCEDURAL BACKGROUND

On August 16, 2017, the Defendant was charged in a Bill of Indictment with three counts of engaging in a sexual act with a minor within Indian territory, in violation of 18 U.S.C. §§ 2241(c) and 1153, and three counts of engaging in and causing sexual contact with a minor within Indian territory, in violation of 18 U.S.C. §§ 2244(a)(5) and 1153. [Doc. 1]. The Defendant made an initial appearance on August 30, 2017, at which time counsel was appointed. On October 6, 2017, the Defendant filed a motion to continue docket call and to extend the pretrial motions deadline [Doc. 12], which the Court granted on October 20, 2017 [Doc. 13]. The Defendant filed the

present motion on October 27, 2017, seeking dismissal of the Indictment. [Doc. 16]. In the alternative, the Defendant requests a bill of particulars from the Government. [Id.].

The Government requested an extension of time until November 17, 2017, to respond to the Defendant's motion [Doc. 20], which the Court granted [Doc. 21]. On November 14, 2017, the grand jury returned a Superseding Bill of Indictment against the Defendant. [Doc. 22]. The Government then filed its response to the Defendant's motion to dismiss on November 17, 2017. [Doc. 24]. Accordingly, this matter is ripe for disposition.

## II. DISCUSSION

In his motion, the Defendant argues that the Indictment is insufficient as a matter of law for two reasons. First, the Defendant argues that the charging language of the Indictment does not track the statutory language of 18 U.S.C. §§ 2241(c) and 2244(a)(5), which both require that the defendant "knowingly engage" in a sexual act or contact with a minor child. By omitting the word "knowingly," the Defendant argues, the Indictment fails to allege all of the essential elements of the charge. [Doc. 16 at 4-5 (citing United States v. Pupo, 841 F.2d 1235 (4th Cir. 1988)]. While it contends that the wording of the Indictment is sufficient to withstand the Defendant's motion [Doc. 24

at 2-3], the Government nevertheless has sought a superseding indictment in order to better conform the charges to the statutory language at issue. The Superseding Bill of Indictment charges with respect to each count that the Defendant "did knowingly engage" in the particular sexual act or contact alleged. [See Doc. 22] The Superseding Bill of Indictment, therefore, renders moot the Defendant's argument regarding the sufficiency of the charging language.

The Defendant also argues that the Indictment is defective in that the range of dates alleged is too large to fairly inform the Defendant of the charges against him and to preclude him from pleading double jeopardy as a defense in a future prosecution for the same offenses. [Doc. 16 at 6]. The Defendant moves for the dismissal of the Indictment on this basis, or in the alternative, a bill of particulars from the Government providing more particular detail regarding the date, time, and location of each alleged offense. [Id. at 6-7].

"An indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." United States v.

Brandon, 298 F.3d 307, 310 (4th Cir. 2002) (quoting Hamling v. United States, 418 U.S. 87, 117 (1974)).

Here, the Superseding Bill of Indictment alleges that the Defendant committed six different offenses of sexual acts/contact with a minor child within the boundaries of the Eastern Band of Cherokee Indians reservation within Jackson County, North Carolina. The Indictment sufficiently identifies the location of the offenses in order to establish jurisdiction and venue. The Indictment also alleges that the offenses occurred in an approximately 29-month time period, that is, "between January 1, 2015 and June 1, 2017." This, too, is sufficient. "[W]here an indictment alleges a crime occurred on or about a certain date, proof need only establish beyond a reasonable doubt that the crime occurred on a date reasonably near that alleged." United States v. Ward, 676 F.2d 94, 96 (4th Cir. 1982). Courts have long recognized that the inclusion of a precise date of offense is not required when time is not a material element of the criminal offense and no prejudice is shown. See, e.g., United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir. 1993) ("Proof that a crime occurred reasonably near the date charged in the indictment is sufficient unless time is a material element of the offense or the actual date of the offense implicates the statute of limitations or follows the indictment."); United States v. Nunez, 668 F.2d 10, 12 (1st Cir. 1981) (holding that

generality in allegation of date is allowed where exact time of crime's commission is not essential under criminal statute and no prejudice is shown). Courts also have repeatedly held that, in the context of child abuse and sexual assault cases, even fairly large windows of time do not conflict with constitutional notice requirements. See Hunter v. New Mexico, 916 F.2d 595, 600 (10th Cir. 1990) (finding that an indictment alleging sexual abuse over a nearly four-year period was not deficient); United States v. Youngman, 481 F.3d 1015, 1019 (8th Cir. 2007) (finding indictments alleging sexual abuse and assault over a 29-month time frame sufficient). This is often because "the victims are children of tender years who are simply unable to remember exact dates and times, particularly where the crimes involve a repeated course of conduct over an extended period of time." Valentine v. Konteh, 395 F.3d 626, 632 (6th Cir. 2005) (quoting State v. Mundy, 99 Ohio App. 3d 275, 296, 650 N.E.2d 174 (1994)). Thus, the 29-month period alleged in the Indictment sufficiently informs the Defendant of the charges against him. Further, each count alleges a different, factually distinguishable offense of a sexual act or sexual contact with a minor child. Thus, the Indictment is adequate to protect the Defendant from double jeopardy in the future. See Valentine, 395 F.3d at 636 (holding that multiple, identically worded counts of sexual offenses did not sufficiently protect

against double jeopardy, but noting that linking charges to multiple differentiated incidents would offer sufficient protections).  For all of these reasons, the Defendant's motion to dismiss is denied.

In the alternative, the Defendant requests a bill of particulars from the Government providing "in more particular detail the date, time, and location that the government will allege each offense in each count of the indictment took place so that Mr. Armachain may know where and when the offense(s) allegedly occurred." [Doc. 16 at 7].

Pursuant to Federal Rule of Criminal Procedure 7(f), the Court may, within its discretion, direct the Government to file a bill of particulars.  Fed. R. Crim. P. 7(f); United States v. Anderson, 481 F.2d 685, 690 (4th Cir. 1973).  The purpose of a bill of particulars is "to enable a defendant to obtain sufficient information on the nature of the charge against him so that he may prepare for trial, minimize the danger of surprise at trial, and enable him to plead his acquittal or conviction in bar of another prosecution for the same offense." United States v. Schembari, 484 F.2d 931, 934-35 (4th Cir. 1973). The underlying objectives of a motion for a bill of particulars are fully satisfied by the Government's voluntary disclosure of its discovery file.  Id. at 935; see also United States v. Esquivel, 755 F. Supp. 434, 436 (D.D.C. 1990) (noting that of "the indictment adequately details the charges, or the information

requested is otherwise available, then no bill of particulars is required") (citation omitted).

Here, full discovery has been produced to the Defendant pursuant to the Government's open file policy, and thus any information that the Government possesses regarding the specific dates, times, and precise locations of the alleged offenses is available to the Defendant. For these reasons, the Court denies the Defendant's alternative request for a bill of particulars.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Dismiss Indictment [Doc. 16], including the Defendant's alternative request for a bill of particulars, is **DENIED**.

**IT IS SO ORDERED.**

Signed: November 28, 2017

Martin Reidinger
United States District Judge