IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17 CR 104

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LONNIE ARMACHAIN | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Defendant's Motion for Temporary Release on Bond to Attend Funeral Services ("Motion for Temporary Release") (Doc. 96).

## I.    Selected Procedural Background

On November 14, 2017, Defendant was charged in a Superseding Bill of Indictment (Doc. 22) with three counts of engaging in a sexual act with a minor within Indian territory, in violation of 18 U.S.C. §§ 2241(c) and 1153, and three counts of engaging in and causing sexual contact with a minor within Indian territory, in violation of 18 U.S.C. §§ 2244(a)(5) and 1153.

On June 7, 2019, Defendant entered a plea of guilty to one count of engaging in and causing sexual contact with a minor within Indian territory.

Defendant is currently awaiting sentencing, which is scheduled for September 26, 2019.

## II.  Discussion

In the Motion, which was filed on September 18, 2019, Defendant requests that the Court temporarily release him on conditions so that he may attend a funeral service the next day - September 19, 2019 - for his daughter who passed away unexpectedly.  In particular, he seeks to be released from 9 AM until 3 PM to travel to a church in Cherokee, North Carolina under the supervision of the staff of the Federal Defender's Office.

The Motion advises that the Government takes no position with respect to Defendant's request.

A defendant who has been found guilty of certain types of offenses must be detained while awaiting imposition or execution of sentence. 18 U.S.C. § 3143(a)(2). There are exceptions to this rule, but the only one pertinent here appears in 18 U.S.C. § 3145(c), which provides that a "person subject to detention pursuant to section 3143(a)(2) . . . and who meets the conditions of release set forth in section 3143(a)(1) . . . , may be ordered released, under appropriate conditions . . . if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c).  Section 3143(a)(1) requires a finding "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)."

> Courts generally have defined "exceptional reasons" as circumstances which are "clearly out of the ordinary, uncommon, or rare." See <u>United States v. Larue</u>, 478 F.3d 924, 926 (8th Cir.2007) (finding defendant's compliance with terms of pretrial release, lack of criminal record, payment of child support, and continued employment were not exceptional reasons warranting release); <u>United States v. Lea</u>, 360 F.3d 401, 403 (2d Cir.2004) ("Exceptional circumstances exist where there is 'a unique combination of circumstances giving rise to situations that are out of the ordinary.'") (quoting <u>United States v. DiSomma</u>, 951 F.2d 494, 497 *2d Cir.1991)).
>
> <u>United States v. Vilaiphone</u>, No. CRIM 3:08CR232, 2009 WL 412958, at *2 (W.D.N.C. Feb. 18, 2009)

"Federal courts do not grant temporary release in every case in which a criminal defendant who is detained has a relative who dies." <u>United States v. Morris</u>, No. 3:18-CR-6-TWP-DCP, 2018 WL 6493640, at *2, n.1 (E.D. Tenn. Dec. 10, 2018); <u>United States v. Kenney</u>, No. CR-07-66-B-W, 2009 WL 5217031, *2 (D. Me. Dec. 30, 2009) ("From the Court's perspective, the death of a family member, even a close family member, does not necessarily cross the threshold from common to exceptional. The death of close family members, though infrequent, is after all inevitable.").

Nonetheless, the situation presented here - the unexpected passing of Defendant's young adult daughter for whom Defendant was the sole caretaker prior to his arrest - is no doubt one of deep importance to Defendant.

Yet, other considerations counsel against allowing Defendant's Motion.

"The [Crime Victims Rights Act] was designed to protect victims and guarantee them some involvement in the criminal justice process." <u>In re Gyamfi</u>, 362 F. App'x 385, 386 (4th Cir. 2010). The Act provides victims with certain rights, including the right to be reasonably protected from the accused, the right to reasonable, accurate, and timely notice of any public court proceeding involving the crime or of any release of the accused, the right to be reasonably heard at any public proceeding in the district court involving release, and the right to be treated with fairness and with respect for their dignity and privacy. 18 U.S.C. § 3771(a). Both the courts and the Government have responsibilities in this regard; courts are to ensure that crime victims are afforded their rights in any applicable court proceeding, while "[o]fficers and employees of the Department of Justice and other departments and agencies of the United States engaged in the detection, investigation, or prosecution of crime" are required to "make their best efforts to see that crime victims are notified of, and accorded," the rights provided by the Act. 18 U.S.C. § 3771(b)(1) and (c)(1).

Here, the record reveals that Defendant has pled guilty to sexual contact with a minor who had not attained 12 years of age and for whom Defendant was a custodial, supervisory, and disciplinary authority.

The Motion indicates that, though minor children are expected to be present at the funeral, concerns about Defendant would be reduced as he has

impaired mobility and would be accompanied by staff of the Federal Defender's Office.

Absent, however, is any information about the potential impact of the Motion on the victim of Defendant's crime. The Government has taken no position with respect to the Motion but likewise has provided no information as to whether the victim and her family are aware of Defendant's Motion or whether they object or consent to it. Similarly, the Court lacks information regarding the likelihood the victim or her family might come into contact with Defendant, including whether they may also attend the funeral, which apparently will take place on the Cherokee Indian Reservation where Defendant previously resided and his criminal conduct occurred.

The undersigned is not unsympathetic to Defendant's request and is mindful of the loss he has sustained. However, for the reasons stated, the Court is not persuaded that Defendant's release is appropriate and, therefore, Defendant's Motion for Temporary Release on Bond to Attend Funeral Services (Doc. 96) is **DENIED.**

Signed: September 19, 2019

W. Carleton Metcalf
United States Magistrate Judge